1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOHN E. JAMES, III,                        No. 2:12-CV-0862-KJM-CMK-P

12              Plaintiff,

13        vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14   R.J. RACKLEY, et al.,

15              Defendants.

16   _____/

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  <u>See McHenry v. Renne,</u>

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges he has been denied adequate medical treatment, specifically adequate pain medication.  The undersigned has found plaintiff's complaint sufficient to authorize service on four defendants by separate order.  However, in addition to the claim addressed there, plaintiff makes further allegations which do not state a cognizable claim.

Plaintiff alleges he has been denied sufficient pain medication by defendants Palagummi, Wong, and Awatani, and that defendant Mallory fabricated a disability verification. In addition, plaintiff claims Warden Rackley, Dr. Dell, Dr. Malet, and Dr. Kim were all aware that he was being denied adequate medical treatment, but does not claim that any of these individuals were involved in his actual treatment.  In addition, plaintiff alleges that Dr. Kim signed off on Mallory's fabricated disability verification.  Finally, plaintiff alleges he suffered significant difficulties navigating through the inmate appeals system, including having his appeals being improperly screened out, inadequately addressed, and denied.  The allegations involving the inmate appeals system do not specifically relate to the other claims raised in his complaint, but rather relate to inadequacy of the system itself.  He alleges Dr. Kim, Dr. Dunkan, Zamora, Zuniga, and Gamble were all involved in the inadequate appeals system, refusing to properly process his inmate grievances.

/ / /

## II.  DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

However, supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the

4

1   offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

2          When a defendant holds a supervisory position, the causal link between such

3   defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

4   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

5   1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel

6   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

7   Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

8   official's own individual actions, has violated the constitution."  Iqbal, 129 S.Ct. at 1948.

9          Here, plaintiff alleges several supervisory defendants were aware that he was

10  being denied adequate medical treatment, and did not correct the situation.  In addition, he claims

11  a supervisor signed off on another medical provider's report.  None of these allegations involve

12  the necessary personal connection to state a claim.  Failing to correct another's behavior is

13  insufficient without the individual personally participating in the violation.  Thus, plaintiff's

14  claims against Warden Rackley, Dr. Kim, Dr. Malet, and Dr. Dell are insufficient to state a

15  claim.  These defendants should be dismissed from this action.

16         As to plaintiff's claims relating to the inmate appeals system, prisoners have no

17  stand-alone due process rights related to the administrative grievance process.  See Mann v.

18  Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th

19  Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance

20  process).  Because there is no right to any particular grievance process, it is impossible for due

21  process to have been violated by ignoring or failing to properly process grievances.   Numerous

22  district courts in this circuit have reached the same conclusion.  See Smith v. Calderon, 1999 WL

23  1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any

24  constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison

25  officials' failure to properly process and address grievances does not support constitutional

26  claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing

1  complaint without leave to amend because failure to process a grievance did not implicate a

2  protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding

3  that prisoner's claim that the grievance process failed to function properly failed to state a claim

4  under § 1983).  Prisoners do, however, retain a First Amendment right to petition the government

5  through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

6  Therefore, interference with the grievance process may, in certain circumstances, implicate the

7  First Amendment.

8            Here, there is no allegation that the defendants actions in failing to properly

9  process or grant his inmate appeals implicated his First Amendment rights.  Rather, the

10  allegations relate to the difficulties he had obtaining a transfer and being placed in an appropriate

11  yard.  Plaintiff's allegations against defendants Kim, Dunkan, Zamora, Gamble and Zuniga relate

12  to their actions in processing plaintiff's inmate grievances.  These allegations are insufficient to

13  state a claim, and these defendants should be dismissed from this action.

14            Finally, plaintiff fails to make any allegations against Deuel Vocational Institution

15  or Briggs.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection

16  or link between the actions of the named defendants and the alleged deprivations.  See Monell v.

17  Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person

18  'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he

19  does an affirmative act, participates in another's affirmative acts, or omits to perform an act

20  which he is legally required to do that causes the deprivation of which complaint is made."

21  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

22  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

23  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

24  specific facts as to each individual defendant's causal role in the alleged constitutional

25  deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  As there are no allegations

26  against these two individuals, they should be dismissed.  The claims this case will be proceeding

on relate to plaintiff's medical treatment.  Neither the institution itself nor Captain Briggs are medical personnel who would be involved in plaintiff's medical treatment.  Therefore, no leave to amend should be granted as to these two individual.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1.     Defendants Rackley, Kim, Dunkan, Zamora, Deuel Vocational Institution, Briggs, Gamble, Zuniga and Dell be dismissed from this action for failure to state a claim; and

2.     This action should proceed on plaintiff's Eighth Amendment claim for denial of adequate medical treatment against defendants Palagummi, Wong, Mallory, and Awatani only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  January 24, 2013

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE